**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TODD SCRIBNER,

     Plaintiff - Appellant,

v.

WORKS & LENTZ, INC.,

     Defendant - Appellee.

No. 15-5034
(D.C. No. 4:14-CV-00177-JHP-PJC)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

     Plaintiff Todd Scribner appeals from the grant of summary judgment entered

in favor of defendant Works & Lentz, Inc. (W&L), a debt collector, in this action

under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§1692-1692p.

Scribner's claims arise out of one telephone call made by a W&L employee to the

manager of his apartment complex. The district judge decided the call was not a

_____

     [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prohibited communication actionable under the FDCPA. Circuit precedent compels us to affirm.

## BACKGROUND

Here, Scribner focuses exclusively on whether W&L violated the FDCPA's qualified restriction on contact with third parties, consisting of § 1692c(b), which prohibits "communication[s]" from debt collectors to third parties "in connection with the collection of any debt," and § 1692b, which excepts from that prohibition a one-time communication by a debt collector who, as relevant here, "identif[ies] himself, state[s] that he is confirming or correcting location information concerning the consumer," and does "not state that such consumer owes any debt." *See Evankavitch v. Green Tree Servicing, LLC*, 793 F.3d 355, 362 (3d Cir. 2015) ("[T]he FDCPA generally prohibits a debt collector from contacting third parties, with the debt collector's ability to seek location information framed as an exception to this general prohibition."). In a provision applicable throughout the FDCPA, the term "communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). In *Marx v. General Revenue Corp.*, 668 F.3d 1174, 1177-78 (10th Cir. 2011), *cert. granted in part by* 132 S. Ct. 2688, *and judgment aff'd by* 133 S. Ct. 1166 (2013), we decided § 1692c(b)'s prohibition on third-party contact is limited to communications as defined in § 1692a(2) and, hence, once it is determined that a debt collector's contact with a third party (in *Marx*, a fax seeking to verify the debtor's employment) does not convey information about a debt, there can be no violation of § 1692c(b).

2

*Accord Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 742-45 (6th Cir. 2015) (following *Marx*).

Turning to the operative facts here, in 2013 W&L was attempting to collect a debt owed by Scribner. On May 30, 2013, W&L employee Erica Pruitt called the manager of Scribner's apartment complex, Brigitte Coffman, for the purpose (she asserts) of confirming or correcting his current location information. While the record is not entirely clear as to whether Pruitt actually told Coffman this was the purpose of the call,[1] another matter is undisputed: Pruitt did not identify herself or her employer as a debt collector or refer to any debt owed by Scribner. Nor did Coffman understand or infer (from what she was told) the call to be concerned with a debt owed by Scribner. Pruitt did ask Coffman to post a note (to be faxed later) on Scribner's door—a request calling for a tell-tale answer regarding Scribner's residence at the complex. Coffman's response was vague, agreeing only to see what she could do.[2] No fax was ever received from W&L. After concluding the short conversation with Pruitt, Coffman sent a text message about the call to Scribner,

---

[1] In an affidavit Pruitt's claims to having made a statement about the purpose of the call. In her affidavit, (consistent with a text she sent Scribner at the time) Coffman denies such a statement was made, although her later equivocal deposition testimony suggests that possibility. As will be evident shortly, this point, which relates only to § 1692b's exception to § 1692c(b)'s prohibition on third-party communications, is not material; the prohibition was not violated in the first place. Moreover, § 1692b is inapplicable for the same reason § 1692c(b) is inapplicable.

[2] In this regard, there is some dispute as to whether Pruitt said Scribner had not been answering phone calls. Coffman affirms it is true; Pruitt denies it. That dispute is also not material to our disposition of the case.

3

which prompted an exchange of multiple messages. Only through the exchange with Scribner did Coffman became aware of an attempt to collect a debt owed by Scribner.

Scribner brought this action alleging Pruitt's call to Coffman violated several FDCPA proscriptions, including the §§ 1692c(b)/1692b limitation on third-party communications, the focus of this appeal. In a summary judgment, the district judge concluded the call did not constitute a communication within the meaning of the FDCPA, because the undisputed facts showed it neither directly nor indirectly conveyed information about Scribner's debt to Coffman. Consequently, relying on *Marx*, he decided as a matter of law there had been no violation of the cited sections of the FDCPA.[3]

**ANALYSIS**

We review the grant of summary judgment de novo, using the same standard as the district court under Fed. R. Civ. P. 56(a). *Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc.*, 781 F.3d 1226, 1229-30 (10th Cir. 2015). That is, we will affirm the district court's determination if "'there is no genuine dispute as to any

---

[3] At one point he loosely observed that the lack of a qualifying communication precluded any and all claims under the FDCPA. But, as Scribner notes, there are numerous prohibitions in the FDCPA not involving a communication, such as 15 U.S.C. §§ 1692d(1) (prohibiting use of violence or other criminal means for collection purposes), 1692f(2) (prohibiting acceptance of checks or instruments postdated more than five days), 1692f(4) (prohibiting early deposit of postdated checks or instruments), and 1692i (prohibiting filing of collection action in inconvenient forum). Because our holding is restricted to §§ 1692c(b)/1692b, which expressly refer to communications, we affirm without embracing overbroad conclusions about the FDCPA as a whole. Scribner's several counterexamples do not undermine our more limited holding.

4

material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Rule 56(a)).

While the primary focus of this appeal is on *Marx*'s legal holding regarding the interaction of the definition of communication in § 1692a(2) and the use of that term in § 1692b(c), Scribner does raise two factual issues. Both concern § 1692b's exception of location-information inquiries from § 1692c(b)'s prohibition on third-party communications. He contends W&L's showing (for this exception) in support of its motion for summary judgment was deficient because (1) evidence indicated W&L already knew he lived at the apartment complex and (2) there is a genuine dispute as to whether Pruitt told Coffman she was confirming that fact. But these points relate to a factual matter immaterial to our disposition. If (as, per *Marx*, we hold below) the absence of third-party contact qualifying as a communication under § 1692a(2) precludes any violation of § 1692c(b), the question of § 1692b's exception for location-information inquiries never arises. To avoid this conclusion, Scribner seems to argue that a failure to satisfy the conditions for § 1692b's exception to liability for third-party communications is somehow itself a separate basis for such liability. Leaving aside the logical problem the argument presents, any independent claim under § 1692b would fail for the same reasons the § 1692c(b) claim fails. The introductory sentence of § 1692b states: "Any debt collector *communicating* with any person other than the consumer for the purpose of acquiring location information about the consumer shall" satisfy the six conditions that follow.

(Emphasis added). Thus, § 1692b, like § 1692c(b), is not violated unless (per *Marx*) the third-party contact qualifies as a communication under § 1692a(2).[4]

Which brings us back to the nub of this appeal—the application of *Marx*'s holding to Scribner's §§ 1692c(b)/1692b claim. He attempts to avoid this result in two ways. To begin with, he contends *Marx* is inapposite because it dealt with a violation of § 1692c(b) rather than a violation of § 1692b. As indicated above, this argument appears to rest on a mischaracterization of the role § 1692b plays in determining an actionable violation of the FDCPA's qualified prohibition on contact with third parties, which is that of a limited exception to liability under § 1692c(b), not a separate basis for liability. Moreover, as also noted above, § 1692b itself refers to communication and hence implicates the definition in § 1692a(2). Consequently, *Marx*'s holding that in the absence of a qualifying communication there can be no liability is analytically pertinent in any event. Nothing in *Marx* suggests its holding would not control here.

According to Scribner, applying § 1692a(2)'s definition of communication in this manner renders the exception in § 1692b superfluous—a result to be avoided whenever it is possible to do so through a permissible contrary construction of the statute in question, *see Marx*, 668 F.3d at 1183. His argument runs as follows: applying the statutory definition of communication, no actionable violation can arise

---

[4] Also immaterial, and for the same reasons, is Scribner's complaint that Pruitt exceeded the scope of permissible location-information contact under § 1692b when she asked about getting a message posted to his door.

6

unless a debt collector "convey[s] . . . information regarding a debt directly or indirectly," § 1692(a)(2); but one of the conjunctive conditions for § 1692b's exception to liability is that the debt collector "not state [to the third party] that [the] consumer owes any debt," § 1692b(2); thus, the redundant requirement for the reference to debt in both prohibition and exception means that the exception will apply only when it is not needed, i.e., when there could be no violation in the first place.[5] Two considerations lead us to reject this argument.

First, the argument depends on equating § 1692a(2)'s broad and inclusive reference to "the *conveying* of *information regarding* a debt *directly or indirectly*" (emphasis added) with § 1692b(2)'s strict and specific reference to "*stat*[*ing*] that [the] consumer *owes a*[] *debt*" (emphasis added). These are not equivalent. One can convey some information regarding a debt (especially indirectly) to a third party so as to trigger § 1692c(b) without stating "consumer 'x' owes a debt." Thus, it appears § 1692b's location-information exception may still be available to excuse contact otherwise coming within § 1692c(b)'s prohibition on third-party communications as defined in § 1692a(2).

In any event, basically the same redundancy/superfluity argument, directed at one of the other conditions for invoking § 1692b's location-information exception, was squarely rejected in *Marx*. Sub-section 1695b(5) requires the debt collector to

___

[5] A consequence of this, he adds, is this: if third-party contact does not qualify as communication under § 1692a(2), the debt collector is free to engage in conduct Congress clearly intended to curb through constraints imposed by the various other requirements for invoking the location-information exception in § 1692b.

avoid use of language or symbols evincing a prohibited "communication." In *Marx*, this court conceded the debtor's point that giving effect to the statutory definition of communication made § 1692b(5) superfluous (because it would be satisfied only when there had been no communication to violate § 1692c(b) in the first place), but noted "[a] court should not apply the superfluity canon [in construing the statute] unless it first determines that the term being construed is ambiguous." *Marx*, 668 F.3d at 1183. Holding "the statutory definition of the key term 'communication' is unambiguous," *Marx* "decline[d] to avoid [the superfluity the term created] by creating an ambiguity where none exists." *Id.* at 1184. We cannot accept Scribner's similar argument here without impermissibly diverging from our holding in *Marx*.

The judgment of the district court is affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

8