FILED
United States Court of Appeals
Tenth Circuit

October 26, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THOMASINE MARTIN, as personal
representative for the estate of Charles L.
Martin, deceased,

     Plaintiff - Appellee,

v.

RICHARD GREISMAN, M.D., in his
individual capacity,

     Defendant - Appellant,

and

BRYCE BLISS, in his individual capacity;
STATE OF OKLAHOMA ex. rel.
OKLAHOMA DEPARTMENT OF
CORRECTIONS; LINDSAY
MUNICIPAL HOSPITAL AUTHORITY,

     Defendants.

No. 17-7076
(D.C. No. 6:16-CV-00080-RAW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Richard Greisman appeals the district court's order granting in part and denying in part his motion for sanctions and its subsequent order granting attorney fees of $0. Seeing no error in the district court's rulings, we affirm.

## I. Background

Charles Martin suffered various health problems while serving a sentence in an Oklahoma prison. Greisman, an orthopedic physician, treated Martin at a local hospital for a recurring foot infection. Martin died less than a year after his release from prison. Thomasine Martin, as personal representative of Martin's estate,[1] sued Greisman and several others alleging they provided Martin with inadequate medical care.

On Greisman's motion, the district court dismissed all of the Estate's claims except its 42 U.S.C. § 1983 claim for violation of Martin's Eighth Amendment rights. Nevertheless, approximately four months later, discussions between the parties' counsel resulted in Greisman stipulating to the Estate's voluntary dismissal of its § 1983 claim but reserving the right to pursue sanctions.[2]

---

[1] For ease of reference and to avoid confusion, we refer to the appellant as "the Estate."

[2] Specifically, about seven weeks after the district court denied Greisman's request to dismiss the § 1983 claim, Greisman's counsel emailed the Estate's counsel urging dismissal, stating "you're never going to show [Greisman] is a state actor or deliberately indifferent." Aplt. App. Vol. 1 at 73. The Estate's counsel subsequently advised Greisman's counsel that the Estate would probably dismiss the claim, but that counsel wanted to discuss the matter further with his client. The next day, Greisman's counsel told the Estate's counsel that Greisman would stipulate to dismissal only on the condition that Greisman reserved the right to seek sanctions. After further exchanges about the terms of dismissal, the Estate moved to dismiss the claim with prejudice.

2

Greisman then moved for attorney fees and costs against the Estate "and/or [its] counsel." Aplt. App. Vol. 1 at 50. He recognized the general rule that each party to an action pays his own attorney's fees unless a statute or contract provides otherwise. *See Marks v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (describing the "American Rule"). But Greisman sought fees based on three theories: (1) the court's inherent authority to impose sanctions, (2) 28 U.S.C. § 1927, and (3) 42 U.S.C. § 1988. Following a hearing, the district court concluded Greisman was the prevailing party in the lawsuit, but denied sanctions under its inherent authority and § 1927. However, because of the lack of evidence supporting the Estate's claim, the district court found it was frivolous, granted sanctions under § 1988, and invited Greisman to file an application for fees.

Greisman requested fees of $56,114.69. The Estate objected, arguing it couldn't pay and that § 1988 didn't authorize awarding fees against its counsel. Under the circumstances, the Estate argued, "a reasonable attorney fee under § 1988 is zero." Aplt. App. Vol. 2 at 367. The district court agreed, first concluding that § 1988 didn't allow it to assess fees against the Estate's counsel. Further, the court held that because there were no assets in the estate,[3] "the reasonable fee here is zero." Thus, the district court granted attorney fees "against Plaintiff in the nominal amount of zero." Aplt. App. Vol. 2 at 404.

---

[3] Greisman didn't specifically dispute the Estate's assertion that it had no assets.

On appeal, Greisman argues the district court erred by (1) refusing to assess fees against the Estate's counsel under § 1988, (2) awarding fees against the Estate of $0, (3) denying sanctions under the court's inherent authority, and (4) failing to impose sanctions under § 1927.

**II. Standard of Review**

We review the district court's ruling on "an attorney-fee sanction, whether rooted in statute, rule, or a court's inherent authority, only for an abuse of discretion." *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1256 (10th Cir. 2015). The court abuses its discretion when it fails to exercise meaningful discretion, commits an error of law, or relies on clearly erroneous findings of fact. *Id*.

**III. 42 U.S.C. § 1988**

Greisman argues the district court erred in its assessment of fees under § 1988. Specifically, he claims the court erred by refusing to assess fees against the Estate's counsel and by awarding fees against the Estate of $0. Under § 1988, the court may allow the prevailing party in a § 1983 action "a reasonable attorney's fee." § 1988(b). The statute authorizes the "court to award attorney's fees to a defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011) (internal quotation marks omitted).

**A. Refusal to Assess Fees Against Counsel**

As noted, the district court concluded it lacked authority to assess fees against the Estate's counsel under § 1988. Indeed, we have observed (albeit in the context of

4

discussing sanctions under § 1927) that fees awarded under "§ 1988 [are] not available against attorneys." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006). Similarly, other circuits have held that "§ 1988 does not authorize the award of attorneys' fees against [the] plaintiff's attorney." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 276-77 (3d Cir. 1990); *see Smith v. Detroit Fed'n of Tchrs. Local 231*, 829 F.2d 1370, 1374 n.1 (6th Cir. 1987); *Hamer v. Lake Cty.*, 819 F.2d 1362, 1370 (7th Cir. 1987); *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986). And the Supreme Court has explained that the language of § 1988 and its legislative history suggest "the statute was not intended to permit recovery from opposing counsel." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 761 & n.9 (1980). Thus, we agree with the district court that it lacked authority to assess fees against counsel under § 1988.[4]

## B. Fee Award of $0

The district court awarded attorney fees against the Estate "in the nominal amount of zero." Aplt. App. Vol. 2 at 404. Greisman argues the court erred because "nominal damages cannot be zero." Opening Br. at 12. But despite its use of the word "nominal," the district court simply ruled "that the reasonable fee . . . [was]

---

[4] Alternatively, Greisman argues that even if § 1988 doesn't allow fee awards against opposing counsel, the Estate waived this argument by making it for the first time after the hearing on his motion for sanctions. But the district court didn't enter a final fee award at the hearing and the Estate raised the issue with Greisman's counsel prior to post-hearing briefing, giving Greisman ample opportunity to brief the matter before the court entered a fee award.

zero." Aplt. App. Vol. 2 at 404. And Greisman cites no authority suggesting a reasonable attorney fee can't be $0.

In determining that the reasonable attorney fee was $0, the district court correctly found that § 1988 didn't allow it to assess fees against counsel. It also appropriately recognized that the Estate had no assets. *See Roth v. Green*, 466 F.3d 1179, 1194 (10th Cir. 2006) ("[A] non-prevailing plaintiff's ability to pay . . . may be considered when determining the amount of the attorneys' fees to be awarded against that party." (emphasis and internal quotation marks omitted)). Finally, the court noted its reluctance to grant any sanctions and emphasized that the Estate had voluntarily dismissed the claims against Greisman[5] without subjecting him to a deposition or summary judgment briefing. Under these circumstances, we conclude that the district court didn't abuse its discretion in awarding attorney fees of $0.

**IV. Inherent Authority**

Greisman next argues the district court erred by refusing to use its inherent authority to sanction the Estate's counsel.

A court has the inherent authority to sanction an attorney "for bad faith conduct in litigation." *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015) (internal quotation marks omitted). This allows it to assess fees against an attorney who acts "in bad faith, vexatiously, wantonly, or for oppressive

---

[5] Even in its prior order the district court recognized that "[a]ny eventual amount of fees awarded to . . . Greisman will be substantially mitigated as a result of Plaintiff's voluntary dismissal of the case." Aplt. App. Vol. 1 at 225.

reasons." *Id.* (internal quotation marks omitted).  To warrant fees on this ground, we have required courts to "make a finding of bad intent or improper motive." *Mountain West Mines, Inc. v. Cleveland-Cliffs Iron Co.*, 470 F.3d 947, 954 (10th Cir. 2006) (internal quotation marks omitted).

The district court didn't find that the Estate's attorney acted in bad faith. Rather, after questioning him at length, the district court faulted counsel for failing to recognize sooner the lack of evidence supporting the claim against Greisman.  *See* Aplt. App. Vol. 1 at 260 (noting the lack of evidence supporting the claim and stating "[i]t is a case that never came together, and *it wasn't recognized soon enough*, and it shouldn't have been brought based upon the records and facts that we've established here" (emphasis added)).  Greisman argues the lack of evidence shows the Estate and its attorney "acted in bad faith and vexatiously."  Opening Br. at 25 (internal quotation marks omitted).  But this conclusion, without more, doesn't establish that counsel brought the claim in bad faith.  *See Mountain West Mines, Inc.*, 470 F.3d at 954 ("Although a claim may be so frivolous as to reflect impermissible conduct, the present matter falls into the much larger category of cases in which a finding of subjective wrongdoing is required to support a fee award." (citations and internal quotation marks omitted)).  Moreover, the district court here declined to find counsel acted vexatiously, *see* Aplt. App. Vol. 1 at 258, which Greisman hasn't shown was clearly erroneous, *see Farmer*, 791 F.3d at 1256 (the district court abuses its discretion when it relies on clearly erroneous findings of fact).

In short, Greisman hasn't shown that the district court abused its discretion by refusing to exercise its inherent authority to sanction counsel.

**V. 28 U.S.C. § 1927**

Nor did the district court abuse its discretion by denying Greisman's request to sanction the Estate's counsel under § 1927.

Under that section, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law." *Steinert,* 440 F.3d at 1221 (internal quotation marks omitted). "This is an extreme standard, and fees should be awarded only in instances evidencing a serious . . . disregard for the orderly process of justice." *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015) (internal quotation marks omitted).

The district court here did find that the Estate's counsel "did very little." *Id.* And it is true that an attorney's failure to act can be "objectively unreasonable and vexatious and multiply the proceedings in a case by causing the opposing party to file motions to compel action." *Baca*, 806 F.3d at 1278. But the district court also found

8

that the Estate's attorney didn't "unreasonably and vexatiously multipl[y the] proceedings." Aplt. App. Vol. 1 at 258. This finding is supported by the record.[6]

Under these circumstances, we conclude the district court didn't abuse its discretion by denying sanctions under § 1927.

## VI. Conclusion

We affirm the district court's order granting in part and denying in part Greisman's motion for sanctions as well as its subsequent order granting fees of $0.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[6] It appears Greisman filed a motion to compel responses to discovery, but he did so only after the parties had conferred regarding the terms of dismissal and after the Estate's counsel had advised Greisman's counsel that the Estate would probably dismiss the claim. Even if the claim should have been dismissed sooner, the Estate's counsel didn't force Greisman's deposition or maintain the action through summary judgment or trial. Moreover, the district court credited the Estate's attorney for dismissing the claim at Greisman's request and faulted Greisman's lawyer for "the flurry of activity" at the end of the proceedings—activity the court characterized as "uncalled for." Aplt. App. Vol. 1 at 259.

9