**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1645
_____

CONSTANCE SAAFIR,
Appellant

v.

BAYVIEW LOAN SERVICING, LLC; KML LAW GROUP, P.C.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:17-cv-03735)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 6, 2018

Before:    MCKEE, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed October 16, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Constance Saafir appeals pro se from the District Court's order dismissing her complaint alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. For the reasons that follow, we will summarily affirm that order.

I.

Bayview Loan Servicing, LLC ("Bayview"), held a mortgage interest on certain real property in Palmyra Borough, New Jersey ("the Property"). Saafir was the mortgagor. In 2015, Bayview, through its attorney, KML Law Group, P.C. ("KML"), filed a complaint in New Jersey state court, seeking to foreclose on the mortgage.[1] In March 2016, the state court entered a final judgment in favor of Bayview. In October 2016, KML sent Saafir a letter, notifying her of the date on which the Sheriff's sale of the Property was scheduled to take place. In March 2017, KML sent the Sheriff a letter asking that the sale be postponed; Saafir received one or more copies of that letter.

In May 2017, Saafir filed a pro se complaint in the District Court against KML and Bayview. The complaint alleged that the letters from KML, as well as certain mailings that she had received from Bayview between August 2016 and April 2017, were

---

[1] Earlier in 2015, the United States Bankruptcy Court for the District of New Jersey granted Saafir a discharge from her personal debts pursuant to Chapter 7 of the Bankruptcy Code. As the District Court explained, that discharge did not prevent Bayview from foreclosing on the mortgage. See Johnson v. Home State Bank, 501 U.S. 78, 83 (1991) (stating that a discharge under Chapter 7 "extinguishes *only* 'the personal liability of the debtor,'" and that the Bankruptcy Code "provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy" (quoting 11 U.S.C. § 524(a)(1) and citing 11 U.S.C. § 522(c)(2))).

2

false and misleading and thus violated the FDCPA. The documents from Bayview consisted of six monthly mortgage statements, a privacy notice (titled "What Does Bayview Do with Your Personal Information?"), and a one-page document titled "Account Activity Statement."

KML and Bayview moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). On February 26, 2018, the District Court granted those motions and dismissed the complaint in its entirety. The District Court's dismissal was with prejudice as to the claims against KML and all but one of the claims against Bayview. The other claim against Bayview, which concerned the Account Activity Statement, was dismissed without prejudice to Saafir's ability to file an amended complaint within 30 days. Saafir did not subsequently file an amended complaint. Instead, she brought this appeal.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] Our review over the District Court's dismissal order is plenary, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we may take summary action if this appeal fails to present a substantial question, see 3d Cir. I.O.P. 10.6.

---

[2] Our jurisdiction under § 1291 is limited to reviewing "final" orders of the district courts. See 28 U.S.C. § 1291. Although the District Court dismissed one of Saafir's claims *without* prejudice, its dismissal order is nevertheless "final" under § 1291 because she did not file an amended complaint within the time provided by the District Court. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).

"The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." Marx v. Gen. Revenue Corp., 568 U.S. 371, 374 n.1 (2013). To state a claim under the FDCPA, a plaintiff must allege facts demonstrating, inter alia, that "the defendant's challenged practice involves an attempt to collect a debt," and that "the defendant has violated a provision of the FDCPA in attempting to collect the debt." Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014) (internal quotation marks omitted). Here, the District Court concluded that Saafir's FDCPA complaint was subject to dismissal in light of the following: (1) the privacy notice from Bayview "ha[d] nothing whatsoever to do with the collection of a debt," (Dist. Ct. Op. 7); (2) the six mortgage statements from Bayview did not seek to recover a debt, as they simply put Saafir on notice of Bayview's right to foreclose on the mortgage[3]; (3) there was no indication that the Account Activity Statement from Bayview reflected an abusive, deceptive, or unfair debt-collection practice[4]; and (4) the

---

[3] Each monthly statement included the following language near the top of the first page:

Bankruptcy Notice

Our records reflect that you are presently a debtor in an active bankruptcy case or you previously received a discharge in bankruptcy. This statement is being sent to you for informational purposes only. It should not be construed as an attempt to collect a debt against you personally. However, we retain our rights under the security instrument, including the right to foreclose our lien.

(See, e.g., Dist. Ct. docket # 1-2, at 34.)

[4] The District Court dismissed Saafir's challenge to the Account Activity Statement

4

communications from KML, which were sent in connection with a legitimate foreclosure sale, were not false or misleading.

We find no error in the District Court's dismissal of Saafir's complaint. That pleading alleged violations under §§ 1692e and 1692j of the FDCPA. Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, while § 1692j "bars the practice commonly known as 'flat-rating,'" Nielsen v. Dickerson, 307 F.3d 623, 639 (7th Cir. 2002).[5] For substantially the reasons provided by the District Court, we conclude that none of the documents that Saafir challenges here made a false, deceptive, or misleading representation in connection with the collection of a debt. Nor did any of those documents employ the practice of flat-rating. Because this appeal does not present a substantial question, we will summarily affirm the District Court's February 26, 2018 order dismissing Saafir's complaint.[6]

---

without prejudice to her ability to file an amended complaint because of "the lack of information surrounding the document." (Dist. Ct. Op. 7.) As mentioned earlier, Saafir elected not to file an amended complaint.

[5] "The classic 'flat-rater' effectively sells his letterhead to the creditor, often in exchange for a per-letter fee, so that the creditor can prepare its own delinquency letters on that letterhead." Nielsen, 307 F.3d at 633. This practice gives the letter "added intimidation value," for it suggests that another entity "is now on the debtor's back." Id.

[6] To the extent that the complaint claimed that the defendants' efforts to foreclose on the mortgage violated the Bankruptcy Court's discharge order, that claim lacks merit. See supra note 1.