In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-3187

NORMAN PECK,

*Plaintiff-Appellant,*

*v.*

IMC CREDIT SERVICES,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:18-cv-03143-SEB-TAB — **Sarah Evans Barker**, *Judge.*

SUBMITTED MAY 28, 2020[*] — DECIDED JUNE 5, 2020

Before EASTERBROOK, SYKES, and ST. EVE, *Circuit Judges.*

PER CURIAM. Norman Peck sued IMC Credit Services for
mailing him a letter to collect a debt that he insists he does not
owe, in violation of the Fair Debt Collection Practices Act,

---

[*] We have agreed to decide the case without oral argument because
the briefs and record adequately present the facts and legal arguments,
and oral argument would not significantly aid the court. Fed. R. App. P.
34(a)(2)(C).

15 U.S.C. §§ 1692–1692p. The district court entered judgment for Peck under Federal Rule of Civil Procedure 68 in the amount of $1,101.00, "plus costs to be determined by the Court." Peck sought "costs" in the amount of $25,293.65, but the district court did not award any. Because Peck requested costs not contemplated by the federal rules and the relevant statute, we affirm.

This suit arises from a letter that IMC, a debt collector, mailed to Peck in 2017 on behalf of Medical Associates, LLC, regarding a debt that Peck allegedly owed. The letter's envelope had a clear pane that revealed a barcode containing Peck's personal information. A year after receiving the letter, Peck sued IMC for violating the Act in numerous ways, including by revealing his personal information on the envelope, *see* 15 U.S.C. § 1692f(8), and by failing to verify that Peck owed the debt after he disputed it. *See id.* § 1692g(a)(4). Peck sought a range of damages and the "costs of the action."

IMC made an offer of judgment in the amount of "$1,101, plus costs to be awarded by the court." *See* FED. R. CIV. P. 68. Peck accepted. In email correspondence, the parties then discussed the "costs" involved. Peck believed IMC's offer of "costs" included the damages he claimed under the Act, while IMC explained that its offer accounted for $1,101 in statutory damages with interest, plus the costs typically recoverable by the prevailing party in civil litigation. Peck attached this correspondence to a motion asking the district court to enter judgment pursuant to Rule 68. In its response, IMC again made clear that its offer extended to "taxable costs as a prevailing party." The district court concluded that there was no meeting of the minds about the offer of judgment, specifically

noting that IMC offered only the costs recoverable under Federal Rule of Civil Procedure 54(d), whereas Peck believed that "costs" would include the damages he sought. The court therefore declined to enter judgment.

Peck, however, filed a "motion for interlocutory injunction," insisting that he accepted IMC's offer of judgment and so, under Rule 68, the district court had no authority to "nullify" the parties' agreement. He stated that his "interpretation of costs" was irrelevant to his acceptance of the offer of judgment. The district court interpreted this as a motion to reconsider. The court then determined that because "the objective manifestation of mutual assent" governs contract formation, Peck had accepted the offer of judgment. It ordered the entry of judgment consistent with the terms of IMC's Rule 68 offer (though the entry did not occur for several more months).

In the same order, the district court instructed Peck to file a bill of costs, "limited to those contemplated by [Federal Rule of Civil Procedure] 54(d), which are itemized in 28 U.S.C. § 1920." When Peck filed his bill of costs, however, he demanded $24,137.50 (reimbursement for the hundreds of hours Peck says he spent litigating this action) in "actual damage costs," *see* 15 U.S.C. § 1692k(a)(1), $156.15 in "costs-of-the-action damage costs" (for his "mailing costs"), *see id.* § 1692k(a)(3), and $1,000 in "additional damage costs," *see id.* § 1692k(a)(2). He also demanded $47,425.02 in punitive damages. Finding that none of Peck's "costs" were recoverable under 28 U.S.C. § 1920, the district court denied his bill of costs. The same day (October 3, 2019), the district court entered a separate final judgment order awarding Peck $1,101.00.

On October 28, Peck filed a motion asking the court to "articulate its … findings" under Federal Rule of Civil Procedure 52(b) and "amend its judgment accordingly." He then filed a notice of appeal on October 31. The district court denied Peck's Rule 52(b) motion on November 14. Peck then filed, on November 22, a motion to alter or amend the judgment, *see* FED. R. CIV. P. 59(e), which the district court denied on December 4. This court then ordered briefing on the appeal to proceed. Peck continued filing motions in the district court, including motions for summary judgment, another motion for a bill of costs, and a motion to reconsider, all of which the district court has denied or declined to address because they came after Peck had filed his notice of appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006).

On appeal, Peck first argues that this court does not yet have jurisdiction over this appeal because no final judgment has been entered and many issues remain to be resolved. In particular, Peck believes that the district court has not yet sufficiently articulated a rationale for denying his requested costs. He contends that the district court "prematurely forwarded" his appeal to this court.

We have jurisdiction over this appeal. The district court entered an order quantifying the award of costs (zero), which was a final decision. *Cf. McCarter v. Ret. Plan for Dist. Managers of Am. Family Ins. Group*, 540 F.3d 649, 652 (7th Cir. 2008) (distinguishing between final decision on merits and "final decision on attorneys' fees (or costs)," which is final when award is quantified). This final decision on costs was appealable separately from the merits. *See Budinich v. Becton Dickinson & Co.*,

486 U.S. 196, 200–01 (1988) (costs are "not generally treated as part of the merits judgment"); *McCarter*, 540 F.3d at 652. And even if we treated this as an appeal from the entry of judgment, we would have jurisdiction because the notice of appeal came after the district court entered a final judgment order, *see* FED. R. CIV. P. 58(c)(2)(A), and the district court has ruled on any motions that could affect appellate jurisdiction (those under Rules 52(b) or 59(e)). *See* FED. RS. APP. P. 4(a)(4)(A)(ii), (iv), 4(a)(4)(B)(i).

Peck next argues that the district court erred by failing to award the "costs" he requested, which he contends are recoverable under 15 U.S.C. § 1692k(a). He insists that the judgment of "$1,101.00, plus costs" includes anything that he could recover under § 1692k(a) of the Act, and so the district court should have awarded $24,137.50 in actual damages, $1,000 in additional damages, and $156.15 in litigation expenses. In support of this contention, Peck points to *Marek v. Chesny*, 473 U.S. 1, 9 (1985), which states: "[T]he term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.'"

Nothing in *Marek*, however, equates "costs" with "damages." And damages are not part of the costs "properly awardable under" § 1692k(a). The statute allows recovery of "actual damage," *see* 15 U.S.C. § 1692k(a)(1), and discretionary "additional damages" not to exceed $1,000, *see id.* § 1692k(a)(2). A separate provision permits recovery of the "costs of the action." *See id.* § 1692k(a)(3). If "costs of the ac-

tion" included actual or statutory damages, the damages provisions would be superfluous. *See Yates v. United States*, 135 S. Ct. 1074, 1084–85 (2015) ("We resist a reading [of a statute] that would render superfluous an entire provision passed in proximity as part of the same Act."). Further, nothing in the Act permits recovery of punitive damages. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

Without a special definition in the Act, the "costs" it contemplates are simply those awardable under Federal Rule of Civil Procedure 54(d), which "codifies a venerable presumption that prevailing parties," such as Peck, "are entitled to costs." *Marx v. General Revenue Corp.*, 568 U.S. 371, 377 (2013). "When permissive language is used in a statute regarding costs the district court may, pursuant to Rule 54(d), exercise a sound discretion relative to the allowance of costs." *Id.* at 379 (quoting 6 J. Moore, Moore's Federal Practice § 54.71[1], p. 54–304 (2d ed. 1996)). A statute must set forth a standard for awarding costs that is different from Rule 54(d)(1) to displace the rule; section 1692k(a)(3) does not. *Marx*, 568 U.S. at 379–80.

The "costs" recoverable under Rule 54(d) are enumerated in 28 U.S.C. § 1920.[†] *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S.

---

[†] They are: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

560, 565 (2012) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). They do not include any kind of damages, nor the compensation Peck seeks for his time and mailing expenses. Therefore, the district court correctly denied Peck's bill of costs.

AFFIRMED