FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ORLANDO GARCIA, | No.21-55926 |
| *Plaintiff-Appellant,* | D.C. No. 2:20-cv-10752-PA-GJS |
| v. | |
| GATEWAY HOTEL L.P., a California Limited Partnership, | OPINION |
| *Defendant-Appellee.* | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 13, 2023
Pasadena, California

Filed September 15, 2023

Before: A. Wallace Tashima, Andrew D. Hurwitz, and
Bridget S. Bade, Circuit Judges.

Opinion by Judge Bade;
Dissent by Judge Hurwitz

# SUMMARY[*]

## Americans with Disabilities Act / Costs

The panel affirmed the district court's award of costs to the defendant in an action brought under the Americans with Disabilities Act ("ADA").

Federal Rule of Civil Procedure 54(d)(1) allows courts the discretion to award costs to prevailing parties unless a federal statute "provides otherwise." The panel held that *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182 (9th Cir. 2001) (addressing the ADA standard for awarding costs to defendants), was effectively overruled by *Marx v. General Revenue Corp.*, 458 U.S. 371 (2013) (holding that an award of costs in an action brought under the Fair Debt Collection Practices Act is governed by Rule 54(d)(1)). The panel held that, accordingly, the fee- and cost-shifting provision of the ADA, 42 U.S.C. § 12205, does not "provide otherwise" within the meaning of Rule 54(d)(1). Rule 54(d)(1) therefore governs the award of costs to a prevailing ADA defendant and allows such an award in the court's discretion. The panel concluded that in *Green v. Mercy Housing, Inc.*, 991 F.3d 1056 (9th Cir. 2021) (applying *Brown* in a suit under the Fair Housing Act), the court did not hold, *sub silentio*, that *Brown* and *Marx* are reconcilable. Because Rule 54(d)(1) controls whether defendants may be awarded costs in this ADA action, the district court did not abuse its discretion in denying the plaintiff's motion to retax costs,

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

thereby keeping the court's prior award of costs to the defendant intact.

Dissenting, Judge Hurwitz agreed with the majority that after *Marx*, Rule 54(d)(1) controls the award of costs to a prevailing defendant in an ADA action and that prior caselaw holding that the ADA "provides otherwise" than Rule 54(d)(1) cannot be reconciles with *Marx*. Judge Hurwitz, however, wrote that the three-judge panel was not free to reach those conclusions because it was bound by *Green*'s holding regarding an identical costs provision in the Fair Housing Act.

## COUNSEL

Dennis J. Price II (argued), Seabock Price APC, Pasadena, California; Russell C. Handy, Potter Handy LLP, San Francisco, California; for Plaintiff-Appellant.

Phillip H. Stillman (argued), Stillman & Associates, Miami Beach, Florida, for Defendant-Appellee.

## OPINION

BADE, Circuit Judge:

This case requires us to clarify the circumstances under which a defendant may be awarded its costs in an action brought under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. Appellee Gateway Hotel L.P. ("Gateway") contends that the standard for awarding costs to ADA defendants is governed by Federal Rule of Civil Procedure 54(d)(1), which allows courts the

discretion to award costs to prevailing parties "[u]nless a federal statute . . . provides otherwise." Relying on *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001), which extended the *Christiansburg* standard[1] for awarding defendants' attorney's *fees* to awarding *costs*, Appellant Orlando Garcia contends that the ADA's fee- and cost-shifting statute "provides otherwise" because it permits ADA defendants to receive their costs only where there is a showing that the action was frivolous, unreasonable, or groundless. Therefore, he contends that the district court should have granted his motion to retax costs, which would have, in effect, denied Gateway's application for costs.

The district court denied Garcia's motion because it concluded that our decision in *Brown* is irreconcilable with the United States Supreme Court's intervening opinion in *Marx v. General Revenue Corp.*, 568 U.S. 371 (2013), and was therefore effectively overruled. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Thus, the district court concluded that Rule 54(d)(1) governs the award of costs to a prevailing ADA defendant and allows such an award in the court's discretion.

We agree with the district court and conclude that our decision in *Brown* cannot be reconciled with the Court's decision in *Marx*, and therefore it has been effectively overruled. Accordingly, we hold that Rule 54(d)(1) governs the award of costs to a prevailing ADA defendant, and such costs may be awarded in the district court's discretion.

---

[1] *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (concluding that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith").

## I.

On October 2, 2020, Garcia filed a complaint in the state court challenging Gateway's "reservation policies and practices," specifically "the lack of information provided on [Gateway's] website that would permit [Garcia] to determine if there are rooms" that would accommodate his disability. Garcia contended that Gateway's failure to provide this information violated the ADA and California law.

Gateway removed the case to federal court, and Garcia subsequently amended his complaint, dropping his claim based on California law. Gateway then moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), and the district court granted the motion after concluding that the information on Gateway's website complied with the ADA's requirements. Gateway then sought an award of attorney's fees, which the court denied because it could not "conclude on the record before it that [Garcia]'s case was frivolous or unreasonable" and because there was no "clear indication that [Garcia]'s lawsuit was vexatious."

Gateway then filed an application for costs, which the court awarded. After filing two motions to retax costs that the court denied on procedural grounds, Garcia filed a third motion to retax costs, arguing that costs may be awarded to defendants under the ADA only if the action was frivolous, unreasonable, or without foundation. The court denied this motion after concluding that *Brown*—the legal authority cited in support of Garcia's position—was irreconcilable with the Supreme Court's intervening decision in *Marx*. The district court followed "the Supreme Court's intervening decision in *Marx* rather than the Ninth Circuit's earlier precedent" in *Brown*, and determined that Rule 54(d)(1)

governed the award of costs in ADA actions.  And because Rule 54(d)(1) provides that costs may be awarded to a prevailing party at the district court's discretion, the court concluded that Gateway properly received its costs in the action and denied Garcia's motion to retax costs.

This appeal timely followed.

## II.

We review an award of costs for an abuse of discretion. *Resnick v. Netflix, Inc.* (*In re Online DVD-Rental Antitrust Litig.*), 779 F.3d 914, 924 (9th Cir. 2015) (citing *Arakaki v. Lingle*, 477 F.3d 1048, 1069 (9th Cir. 2007)).  "A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact."  *Id.* (quoting *Jeff D. v. Otter*, 643 F.3d 278, 283 (9th Cir. 2011)).  We review de novo the threshold question of the applicable legal standard for awarding costs. *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1059–60 (9th Cir. 2006) (reviewing de novo whether the district court applied the correct legal standard in awarding attorney's fees).

## III.

## A.

Under Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The issue in this case is whether the fee- and cost-shifting provision of the ADA, 42 U.S.C. § 12205, "provides otherwise" and thus that statutory standard, rather than Rule 54(d)(1), governs the award of costs to prevailing ADA defendants.

In *Marx*, the Supreme Court was asked to clarify when a federal statute "provides otherwise." 568 U.S. at 373–74. *Marx* involved a suit brought under the federal Fair Debt Collection Practices Act ("FDCPA"), which, like the ADA, includes a provision for awarding fees and costs. *See id.* That provision—15 U.S.C. § 1692k(a)(3)—permits a court to "award to the defendant attorney's fees . . . and costs" if it finds that the plaintiff brought its FDCPA action "in bad faith and for the purpose of harassment."

After the petitioner in *Marx* was ordered to pay the costs of the action following an unsuccessful FDCPA suit, she appealed, arguing that the district court lacked authority to award the defendant's costs because § 1692k(a)(3) "sets forth the exclusive basis for awarding costs in FDCPA cases" and "the court had not found that she brought the case in bad faith and for the purposes of harassment." 568 U.S. at 375. The Tenth Circuit concluded that the district court could award costs under Rule 54(d)(1) because "nothing in the text, history, or purpose of § 1692k(a)(3) indicated that it was meant to displace" that Rule. *Id.* at 375–76.

The Supreme Court affirmed. *Id.* at 376. Although "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs," the Court explained that "the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Id.* at 377. Thus, because Rule 54(d)(1) "grants district courts discretion to award costs, a statute is contrary to the Rule"—and thus "provides otherwise"—"if it limits that discretion." *Id.* "A statute," the Court continued, "may limit a court's discretion in several ways": for example, a statute might "preclude[] a court from awarding costs to prevailing defendants" at all, or it might preclude a court from awarding costs when certain

conditions have not been satisfied. *Id.* at 377–78. But a "statute providing that 'the court may award costs to the prevailing party' . . . is not contrary to the Rule because it does not limit a court's discretion." *Id.* at 378.

Applying this principle, the Court concluded that § 1692k(a)(3) was not contrary to Rule 54(d)(1). *Id.* at 380. The petitioner in *Marx* argued that, while § 1692k(a)(3) did "not expressly limit a court's discretion to award costs," it did so "by negative implication." *Id.* By "specifying that a court may award attorney's fees and costs when an action is brought in bad faith and for the purpose of harassment," the petitioner reasoned that "Congress intended to preclude a court from awarding fees and costs when bad faith and purpose of harassment are absent." *Id.* at 381.

The Court rejected this argument for reasons that are instructive here. "First, the background presumptions governing attorney's fees and costs" cut against the petitioner's negative-implication argument. *See id.* at 381–82. The Court explained that, unlike costs—which are presumptively awarded to prevailing parties—the "opposite presumption exists with respect to attorney's fees," which are generally paid by each litigant, "win or lose." *Id.* (citation omitted). That general rule, however, was subject to the federal courts' "inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith." *Id.* at 382. Because § 1692k(a)(3) "provides that when the plaintiff brings an action in bad faith, the court may award attorney's fees to the defendant," it left "the background rules for *attorney's fees* intact," making it "dubious to infer congressional intent to override the background rule with respect to *costs*." *Id.* (emphases added). Instead, § 1692k(a)(3) was "best read as

codifying a court's pre-existing authority to award both attorney's fees and costs." *Id.*

Second, the structure of § 1692k(a)(3) confirmed the conclusion that Congress did not intend to override the background rule for costs. *See id.* at 383–84. In its entirety, § 1692k(a)(3) provided for fees and costs in two circumstances: to plaintiffs upon a showing that the defendants violated the FDCPA, and to defendants upon a showing that the plaintiff brought the action "in bad faith and for the purpose of harassment." *Id*. at 383. "If Congress had excluded 'and costs'" from the second sentence of § 1692k—which governs awards of fees and costs to defendants—"the expression of costs in the first sentence and the exclusion of costs in the second sentence [would mean] that defendants could only recover attorney's fees when plaintiffs bring an action in bad faith." *Id*. at 383. But Congress did not draft the statute that way. And Congress's decision to draft the statute without "a negative implication that costs are precluded" weighed against reading the statute in a way that gave "effect to any implied limitation." *Id*. at 384.

Third, the Court noted that "the language in § 1692k(a)(3) sharply contrasts with other statutes in which Congress has placed conditions on awarding costs to prevailing defendants." *Id*. (citing 28 U.S.C. § 1928 and 42 U.S.C. § 1988(b)). While "Congress need not use explicit language to limit a court's discretion under Rule 54(d)(1), its use of explicit language in other statutes caution[ed] against inferring [such a] limitation in § 1692k(a)(3)." *Id*. "Had Congress intended" § 1692k(a)(3)'s cost-shifting provision "to displace Rule 54(d)(1), it could have easily done so by using the word 'only' before" providing for costs on a

finding that the suit was brought in bad faith and for the purpose of harassment. *Id.*

Finally, the United States, as *amicus curiae*, argued in favor of the petitioner that § 1692k(a)(3) displaced Rule 54(d)(1) based on the canon of construction that a precisely drawn statute controls over a general rule. *Id.* at 386–87 (citing *EC Term of Years Trust v. United States*, 550 U.S. 429, 433 (2007)). The Court rejected that argument and reiterated that "the context of § 1692k(a)(3) indicates that Congress was simply confirming the background rule that courts may award to defendants attorney's fees and costs when the plaintiff brings an action in bad faith." *Id.* at 387. Because petitioner "did not bring th[e] suit in bad faith," the case fell outside the statutory provision, and Rule 54(d)(1) therefore applied. *See id.* at 387–88.

With these background principles in mind, we now turn to whether § 12205 is contrary to Rule 54(d)(1).

### B.

### 1.

We begin, as we must, "with the language of the statute itself." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989).

The ADA's fee- and cost-shifting provision states:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United

> States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.  This is precisely the type of statute that the Court in *Marx* held "is not contrary to the Rule because it does not limit a court's discretion."  *See* 568 U.S. at 378.  Because § 12205 does not "provide otherwise" than Rule 54(d)(1), the Rule controls the awarding of costs to prevailing ADA defendants.

2.

As Garcia correctly notes, however, the Supreme Court long ago imbued fee-shifting provisions in civil rights statutes with a judicial gloss.  In *Christiansburg*, the Court concluded that, in Title VII cases, courts may award attorney's fees to a prevailing defendant only where the plaintiff's action was found to be "frivolous, unreasonable, or without foundation."  434 U.S. at 421.  And in *Brown*, we extended the *Christiansburg* standard for *fees* to an award of a defendant's *costs* in an action brought under the ADA.  *Brown*, 246 F.3d at 1190.  Garcia contends that because *Christiansburg* addressed fee shifting under Title VII, and *Brown* addressed cost shifting under the ADA, these cases involved "civil rights litigation," while *Marx*, which addressed cost shifting under the FDCPA, did not.

In Garcia's view, because Congress enacted the ADA after the Court decided *Christiansburg*, Congress intended to apply the *Christiansburg* standard for an award of defendant's fees to an award of costs under the ADA.  Garcia observes that "the statutory language [in § 12205] makes fees and costs parallel," and argues that provides further evidence of Congress's intent to engraft the *Christiansburg* standard for attorney's fees onto costs awards.  Thus, like the

petitioner in *Marx*, Garcia argues by negative implication that § 12205 "sets forth the exclusive basis for awarding costs" to ADA defendants. *See* 568 U.S. at 375.

But *Marx* instructs that we must consider the *Christiansburg* standard in light of the background presumptions regarding awards for attorney's fees and costs. *See Marx*, 568 U.S. at 381. These background presumptions convince us that § 12205 does not limit the district court's discretion in awarding costs and therefore is not contrary to Rule 54(d)(1).

*Christiansburg* involved the fee- and cost-shifting provision in Title VII of the Civil Rights Act of 1964. 434 U.S. at 413–14. Title VII included a section that, like § 12205, provided that a district court "in its discretion[] may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." *Id.* at 413–14 n.1 (quoting 41 U.S.C. § 2000e-5(k)).

The Court in *Christiansburg* concluded that the most straightforward reading of the statute—that "[a] prevailing defendant is entitled to an award of attorney's fees on the same basis as a prevailing plaintiff"—failed to account for "at least two strong equitable considerations" that supported awarding fees to a prevailing Title VII plaintiff but were not present in the case of a prevailing defendant. *Id.* at 418. First, Congress intended for private rights of action to be the primary enforcement mechanism for violations of civil rights. *See id.* ("[T]he plaintiff is the chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority." (internal quotation marks and citation omitted)). "Second, when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law." *Id.* These two considerations led

the Court to conclude that Congress could not have intended to award defendants their attorney's fees on the same basis as a prevailing plaintiff.  *Id.* at 418–19.

But critical to this case, the Court also explained that Congress could not have intended for defendants to be limited to a fee award "only in a situation where the plaintiff was motivated by bad faith in bringing the action." *Id.* at 419.  After all, "if that had been the intent of Congress, no statutory provision would have been necessary, for it has long been established that even under the American common-law rule attorney's fees may be awarded against a party who has proceeded in bad faith." *Id.*; *see Marx*, 568 U.S. at 382 ("[W]e have long recognized that federal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith.").  Considering this background presumption alongside legislative history that demonstrated Congress "wanted to protect defendants from burdensome litigation having no legal or factual basis," the Court concluded that "a district court may in its discretion award fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 420–21.

Thus, in announcing the rule that defendants could only recover their attorney's fees on a showing that the action that was frivolous, unreasonable, or without foundation, the Court gave force to Congress's intent to protect *both* plaintiffs' interests in bringing civil rights actions without fear of ruinous financial consequences and defendants' interests in avoiding defending against patently meritless suits. *See id.*  These competing interests led the Court to adopt a test for awarding defendants attorneys' fees that is

*less demanding* than the background presumption. *See id.* at 419.

Under Garcia's reading, however, defendants do not receive their *costs* upon meeting a less demanding standard than the background presumption that "prevailing parties are entitled to costs," *Marx*, 568 U.S. at 377; indeed, under Garcia's reading, defendants do not receive costs even upon meeting the background presumption.   Instead, Garcia insists that Congress intended for defendants to demonstrate that an action was frivolous, unreasonable, or without foundation in order to receive costs.  This reading leads to the illogical conclusion that Congress intended for attorney's fee awards to be governed by a less demanding standard than the background rule but for cost awards to be governed by a more demanding standard than the background rule.  The better reading, as the Court explained in *Marx*, is that Congress intended for the less demanding standard to apply to an award of attorney's fees while leaving the background rule for costs intact.    568 U.S. at 382 ("Because § 1692k(a)(3) codifies the background rule for attorney's fees, it is dubious to infer congressional intent to override the background rule with respect to costs.").  And this reading finds particular force when, as here, the statute parallels Rule 54(d)(1) in providing that costs "should be allowed to the prevailing party." *Compare* Fed. R. Civ. P. 54(d)(1), *with* 42 U.S.C. § 12205 (permitting the court to allow costs to "the prevailing party"); *see also Marx*, 568 U.S. at 386 (explaining that other fee- and cost-shifting provisions in Title 42 "overlap with Rule 54(d)(1)" by providing for an award of costs to prevailing parties (citing, e.g., 42 U.S.C. §§ 3612(p) and 3613(c)(2))).

In short, the background presumptions for awarding fees and costs, combined with congressional intent as explained

in *Christiansburg*, demonstrate that, in permitting fee awards for civil rights defendants only on a showing that an action was "frivolous, unreasonable, or without foundation," Congress did not intend to displace the background presumption that costs may be awarded to prevailing parties.

3.

Garcia next argues that § 12205 is contrary to Rule 54(d)(1) because it is akin to "other statutes in which Congress has placed conditions on awarding costs to prevailing defendants." *See Marx*, 568 U.S. at 384. A cursory review of these statutes demonstrates they are distinguishable. For example, 28 U.S.C. § 1928 provides that costs may not be included in a judgment for patent infringement "unless the proper disclaimer has been filed in the United States Patent and Trademark Office prior to the commencement of the action." Similarly, 42 U.S.C. § 1988(b) provides that costs are not available "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless such action was clearly in excess of such officer's jurisdiction." Thus, unlike § 12205 and Rule 54(d)(1), these statutes presume that costs are *unavailable*, and the plaintiff must show certain conditions have been met to recover costs. And the conditions imposed on collecting costs in these statutes have no relation to the background presumptions related to fees and costs, and thus do not indicate congressional intent to specifically displace those presumptions. Because Garcia fails to demonstrate that Congress specifically intended to place conditions on awarding costs to prevailing ADA defendants in § 12205, we again conclude that section is not contrary to Rule 54(d)(1).

IV.

Garcia's arguments on appeal require us to consider our holdings in two previous cases: *Brown* and *Green v. Mercy Housing, Inc.*, 991 F.3d 1056 (9th Cir. 2021). According to Garcia, *Brown* held that "awards of costs are not permissible against ADA plaintiffs without a showing of frivolousness, lack of merits or unreasonableness." He insists that *Brown* remains binding precedent, notwithstanding *Marx*, and points to our recent decision in *Green* as reiterating *Brown*'s continued vitality. And because, in Garcia's view, *Brown* still controls, he concludes that the *Christiansburg* standard applies to costs and displaces Rule 54(d)(1).

We first consider whether our holding in *Brown* can be reconciled with *Marx* before briefly considering *Green*.

A.

In *Brown*, we primarily considered the application "of the ADA's so-called 'safe harbor' provision," 42 U.S.C. § 12114(b)(2), which extends the Act's protections to individuals participating in supervised rehabilitation programs who have ceased drug use. 246 F.3d at 1186. We also briefly considered "the standard to be used in denying costs to a prevailing defendant under the ADA." *Id.* We determined that the *Christiansburg* standard governed awarding fees under § 12205 and concluded that, "[b]ecause § 12205 makes fees and costs parallel, . . . the *Christiansburg* test also applies to an award of costs to a prevailing defendant under the ADA." *Id.* at 1190.

To harmonize *Brown*'s invocation of the *Christiansburg* standard to determine an award of costs to an ADA defendant with *Marx*, we would be required to read *Brown* as applying only when an action was "frivolous,

unreasonable, or without foundation," *see Brown*, 246 F.3d at 1190, and conclude that Rule 54(d)(1) governs costs in all other circumstances. Thus, we would read *Brown*'s invocation of *Christiansburg* in much the same manner as the Court in *Marx* read § 1692k(a)(3)'s invocation of "bad faith and for the purpose of harassment" as a basis for awarding costs to prevailing defendants as limited to those circumstances. *See Marx*, 568 U.S. at 374, 387. In *Marx*, the Court explained that § 1692k(a)(3) may govern the award of costs where the defendant shows the suit was brough in bad faith and for purposes of harassment but that, where this showing *is not made*, Rule 54(d)(1) would control as the background rule. *See id.* Because we apply the Court's reasoning in *Marx* to reject the argument that § 12205 has a negative implication, we can similarly read *Brown*'s invocation of the *Christiansburg* standard as simply inapplicable where, as here, the district court did not make a finding that the action was frivolous, unreasonable, or without foundation. *See Marx*, 568 U.S. at 387 ("The statute speaks to one type of case—the case of the bad-faith and harassing plaintiff. Because Marx did not bring this suit in bad faith, this case does not fall within the ambit of" § 1692k(a)(3) (internal quotation marks and alteration omitted)). And because § 12205 does not apply to Garcia's action, Rule 54(d)(1) does. *See id.*

The problem with this reading is that in *Brown* we explicitly stated that the *Christiansburg* standard permits an award of attorney's fees to the defendant "*only if* the plaintiff's action was frivolous, unreasonable, or without foundation." *Brown*, 246 F.3d at 1190 (emphasis added) (internal quotation marks and citation omitted). We further explained that "[b]ecause § 12205 makes fees and costs parallel, we hold that the *Christiansburg* test also applies to

an award of costs to a prevailing defendant under the ADA." *Id*. Thus, *Brown* is more reasonably read as holding that ADA defendants are never permitted an award of costs without a finding that the action was frivolous, unreasonable, or without foundation. And that reading is irreconcilable with *Marx*.

In *Brown*, we considered the standard for awarding fees without the benefit of the Supreme Court's guidance in *Marx* that such standards are to be evaluated based on "the background presumptions governing attorney's fees and costs." *Marx*, 568 U.S. at 381. Had we decided *Brown* with the benefit of that guidance, we likely would have concluded that, although the statute considers awarding fees and costs in parallel, it does so cognizant of the background presumption that the standard for awarding defendants' fees is more demanding than the standard for awarding defendants' costs. And, for reasons explained above, *see supra* § III.B.2, considering § 12205's text in light of these background presumptions compels the conclusion that costs may be awarded to prevailing defendants without a showing of frivolousness, unreasonableness, or a lack of foundation, which is consistent with Rule 54(d)(1).

Thus, while cognizant of our obligation to apply our existing precedent consistently with higher authority when possible, *see Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 979–80 (9th Cir. 2013), we conclude that to the extent *Brown* allows an award of costs to ADA defendants only on a finding that the plaintiff's action meets the *Christiansburg* standard, that conclusion has been "undercut" by the Supreme Court's opinion in *Marx* "in such a way that the [two] cases are clearly irreconcilable," *Miller*, 335 F.3d at 900. Remaining faithful to the binding precedent of the court of last resort, we conclude that *Brown* has been

effectively overruled by *Marx* and hold that an award of costs to ADA defendants is governed by Rule 54(d)(1).

## B.

Finally, Garcia points to *Green*, in which we applied *Brown* to hold that "a plaintiff bringing suit under the Fair Housing Act should not be assessed fees or costs unless the court determines that his claim is 'frivolous, unreasonable, or groundless.'"    *Green*, 991 F.3d at 1058 (quoting *Christiansburg*, 434 U.S. at 422).   According to Garcia, because *Green* was "decided nearly a decade after *Marx*" and "applies the exact same rationale as *Brown*," *Green*'s holding demonstrates that *Brown* and *Marx* are reconcilable. But there is no indication in *Green* that we considered *Marx* when determining the proper standard for awarding defendants their costs, and a review of the briefing and the oral argument in that case reveals that the parties did not raise *Marx*.[2]   Therefore, we reject Garcia's suggestion that

---

[2] *See* Consolidated Opening Brief for Appellant Rodney Green, Sr., at 48–49, *Green v. Mercy Housing, Inc.*, 991 F.3d 1056 (9th Cir. 2021) (Nos. 20-15134, 20-15358), ECF No. 20 (arguing that the court should extend *Brown* to costs awards under the FHA because the "ADA and FHA fee/costs statutes are strikingly similar," but with no mention of *Marx*); Consolidated Answering Brief for Appellee Mercy Housing, Inc., et al., at 56–57, ECF No. 31 (arguing that the court should not extend the holding in *Brown* to an award of costs under the FHA because "the cost provisions of the ADA and the FHA are fundamentally dissimilar," with no mention of *Marx*); Consolidated Reply Brief for Appellant Green at 12–14, ECF No. 41 (arguing that the Ninth Circuit should follow out-of-circuit precedent to apply the *Christiansburg* standard to the recovery of costs under the FHA, with no mention of *Brown* or *Marx*); *see also* Oral Argument, *Green v. Mercy Housing, Inc.*, (No. 20-15134), http://www.ca9.uscourts.gov/media (argument focusing on several issues on appeal, but only briefly addressing the award of costs without any mention of *Marx*).

in *Green* we concluded, *sub silentio,* that *Brown* and *Marx* are reconcilable.

Moreover, "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) (citation omitted). Or as we recently reiterated, "[p]rior precedent that does not 'squarely address' a particular issue does not bind later panels on the question." *United States v. Kirilyuk*, 29 F.4th 1128, 1134 (9th Cir. 2022).[3] Because *Green* did not consider *Marx* in the context of determining the appropriate standard for awarding defendants their costs, we reject Garcia's argument that its holding evinces that *Brown* and *Marx* may be reconciled.

## V.

In conclusion, we hold that the fee- and cost-shifting provision of the ADA, 42 U.S.C. § 12205, is not contrary to Rule 54(d)(1) and that, consistent with that Rule, a

---

[3] *See also, e.g.*, *Brecht v. Abrahamson*, 507 U.S. 619, 630–31 (1993) (rejecting argument that stare decisis required the application of a particular harmless-error standard in habeas cases because "we have never squarely addressed the issue, and have at most assumed the applicability of the *Chapman* standard on habeas," and concluding "we are free to address the issue on the merits"); *United States v. Ped*, 943 F.3d 427, 433–34 (9th Cir. 2019) (concluding that even though prior cases had stricken invalid sentencing provisions without remanding, that did not mean the practice was appropriate because "[i]n none of those cases did we discuss section 3742(f)(1) or consider how it affected our authority to modify a sentence without remanding"); *United States v. Pepe*, 895 F.3d 679, 688 (9th Cir. 2018) ("Just as cases are not precedential for propositions not considered, . . . *Clark* does not foreclose an interpretation of the statute that it didn't consider . . . .").

prevailing ADA defendant may be awarded its costs at the district court's discretion and without a finding that the action was frivolous, unreasonable, or without foundation. To the extent that this holding conflicts with *Brown*, we conclude that *Brown* is irreconcilable with, and effectively overruled by, the Supreme Court's opinion in *Marx*.

Because Rule 54(d)(1) controls whether defendants may be awarded costs in this ADA action, the district court did not abuse its discretion in denying Garcia's motion to retax costs, thereby keeping its prior award of costs to Gateway intact.

**AFFIRMED.**

---

HURWITZ, Circuit Judge, dissenting:

I agree with the majority that after *Marx v. General Revenue Corp.*, 568 U.S. 371 (2013), Rule 54(d)(1) controls the award of costs to a prevailing defendant in an ADA action. I also agree with the majority that our prior caselaw holding that the ADA "provides otherwise" than Rule 54(d)(1) cannot be reconciled with *Marx.* But, I part company with my colleagues on whether our three-judge panel is free to reach these conclusions.

## I.

In *Miller v. Gammie*, we held that a three-judge panel is bound by the opinion of a prior panel absent a conflicting "subsequent" or "intervening" Supreme Court decision. 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc). If *Brown v. Lucky Stores, Inc.*—which held the ADA allowed an award of costs to a prevailing defendant "only if the claim was

frivolous, unreasonable or lacking foundation," 246 F.3d 1182, 1186 (9th Cir. 2001)—were our only relevant precedent, our task would be easy because *Marx* intervened between *Brown* and this case.

But, *Brown* is not our only relevant precedent.  In *Green v. Mercy Housing, Inc.*, decided *after Marx*, we held that an identical costs provision in the Fair Housing Act only allows a costs award to a prevailing defendant on the same heightened showing.  991 F.3d 1056, 1057–58 (9th Cir. 2021).[1]  Because *Green* came after *Marx*, *Marx* plainly did not "intervene" between *Green* and the case now before us. *See United States v. Eckford*, 2023 WL 5210863, at \*5 (9th Cir. Aug. 15, 2023); *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1141 (9th Cir. 2022).

## II.

The majority excuses the absence of an "intervening" Supreme Court decision because the *Green* panel did not address whether *Marx* had abrogated *Brown*.  The majority therefore concludes that *Green* is not precedential.  But, the very issue for decision before us today—whether a prevailing defendant in an ADA action may be awarded costs absent proof that the complaint was frivolous, unreasonable, or lacking in foundation—is precisely the one decided in *Green*.  Put differently, *Green* is exactly on point; whether correctly decided or not, it squarely stands for the proposition that Rule 54(d)(1) does not apply.

---

[1] In a subsequent memorandum disposition, a panel held, without citing *Marx*, that *Green* controlled costs awards under the ADA and FHA.  *See Yellowstone Womens First Step House, Inc. v. City of Costa Mesa*, 2021 WL 4077001, \*2 (9th Cir. Sept. 8, 2021).

I am aware of no case—and the majority has cited none—holding that a three-judge panel of this Court may ignore an opinion expressly on point simply by finding that it did not correspond with a prior Supreme Court opinion. To be sure, we need not treat cases that do not expressly decide an issue as implicitly doing so. Thus, *United States v. Kirilyuk*, cited by the majority, held that prior opinions interpreting an Application Note according to its terms did not implicitly hold that the Note was consistent with the governing Sentencing Guideline. 29 F.4th 1128, 1134–35 (9th Cir. 2022). But here, we need not imply a holding from a prior opinion's silence. Rather, *Green expressly* resolves today's issue—whether Rule 54(d)(1) applies to an award of costs under the ADA.

## III.

Because I agree with the majority that *Marx* is not conciliable with our previous ADA and FHA costs jurisprudence, my concern with following the *Miller* three-judge panel rule may on the surface seem overly technical. But, if we have a rule, we are required to follow it until changed by the appropriate panel. And, if we today allow a three-judge court not to follow Circuit precedent when it conflicts with Supreme Court decisions handed down *before* our precedent, future three-judge panels may well feel free to abrogate Circuit precedent even when the conflict with a non-intervening Supreme Court ruling is not as clear as it is today. We avoid that potential problem by following *Miller*. The proper course—even when the eventual outcome is, as today, seemingly preordained—is to require an en banc court to inter our previous decisions unless an intervening Supreme Court abrogates them.